IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEYTH O. JAMAL, § | |
|    *PLAINTIFF*, § | |
| § | |
| v. § | CASE NO.: 4:14-CV-02782 |
| § | |
| SAKS & COMPANY § | |
|    *DEFENDANT*. § | JURY DEMAND |

## MOTION TO DISMISS

SAKS & Company ("SAKS" or "Defendant") files this Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff, a person of "non-traditional gender" and a former employee of SAKS, filed this employment discrimination lawsuit under Title VII of the Civil Rights Act of 1964 on September 30, 2014, alleging discrimination and harassment/hostile work environment because of "her [sic] gender, gender identity, and gender expression,"[1] retaliatory discharge,[2] and breach of a purported employment contract.[3] SAKS has answered Plaintiff's Complaint and denies the allegations made against it. The initial pretrial and scheduling conference is set for February 3, 2015.

### SUMMARY OF THE ARGUMENT

Plaintiff's discrimination and harassment claims fail to state a claim upon which relief can be granted because transsexuals are not a protected class under Title VII. Although

---

[1] See Plaintiff's Original Complaint at ¶¶ 66 and 71. Plaintiff's Complaint also alleges that SAKS engaged in "unlawful employment practices" under Title VII based on "disability." Id. at ¶¶ 1-2. However, "Title VII does not prohibit discrimination because of a disability." Avina v. JP Morgan Chase Bank, N.A., 413 Fed.Appx. 764, 766, n. 4 (5th Cir. Feb. 23, 2011).
[2] Id. at ¶ 89.
[3] Id. at ¶ 103.

Plaintiff's claims are also couched in terms of "gender" discrimination, Plaintiff's Complaint makes clear that the gravamen of Plaintiff's claims are alleged discrimination and harassment based on Plaintiff's status as a transsexual. In addition, Plaintiff's claims of discrimination and harassment/hostile work environment because of "*her* [sic] gender" (i.e., female) are outside the scope of Plaintiff's EEOC charge, which did not assert that Plaintiff was discriminated against based on status as a female.[4] Plaintiff's retaliation claim fails to state a claim because it is well settled that transsexuals are not protected by Title VII. Thus, Plaintiff's alleged complaints were not protected. Plaintiff's breach of contract claim fails to state a claim because employee handbooks are not contracts as a matter of law. Therefore, the Court should dismiss Plaintiff's claims with prejudice.

## STANDARD OF REVIEW

Rule 12 of the Federal Rules of Civil Procedure allows a court to eliminate actions that are fatally flawed in their legal premises and destined to fail, thus sparing the litigants the burdens of unnecessary pretrial and trial activity. Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Elsensohn v. St. Tammany Parish Sheriff's Office, 530 F.3d 368, 372 (5th Cir. 2008) (quoting Twombly, 550 U.S. at 570). The pleading standard in Rule 8(a) of the

---

[4] Plaintiff filed a charge of discrimination with the EEOC on or about July 2, 2012. Id. at ¶ 13 & Ex. A. In the charge, Plaintiff asserted in relevant part: "I believe that I have been discriminated against based on my gender, male (transgender), in violation of Title VII of the Civil Rights Act of 1964, as amended." Ex. A. "In considering a Rule 12(b)(6) motion, the district court may consider 'an undisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.'" Brock v. Baskin-Robbins USA Co., 113 F.Supp.2d 1078, 1092 (E.D. Tex. 2000) (quoting Steinhardt Group, Inc. v. Citicorp, 126 F.3d 144 (3d Cir. 1997)); accord Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) ("[A] court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned"); Voigt v. County of Victoria, No. V-07-cv-101, 2008 WL 2474575 at *1 (S.D. Tex. June 13, 2008) ("[A] court does not transform a motion to dismiss into one for summary judgment by considering documents attached to a defendant's motion to dismiss that are central to the plaintiff's claim but were left out of the complaint."); Shanklin v. Fernald, 539 F.Supp.2d 878, 883 (W.D. Tex. 2008).

Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), (citing Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In ruling on a motion to dismiss, a court should consider only those facts stated on the face of the complaint or incorporated into the complaint by reference, and matters of which judicial notice may be taken. Lovelace v. Software Spectrum, 78 F.3d 1015, 1017 (5th Cir. 1996). If a complaint omits facts concerning pivotal elements of a plaintiff's claim, a court is justified in assuming the non-existence of those facts. Ledesma v. Dillard Dept. Stores, 818 F. Supp. 983, 984 (N.D. Tex. 1993). "[C]onclusory allegations or legal conclusions set forth as factual allegations will not prevent dismissal." Shabazz v. Tex. Youth Comm'n, 300 F. Supp. 2d 467, 470 (N.D. Tex. 2003).

## ARGUMENT

### A. Plaintiff's discrimination and harassment claims fail to state a claim because transsexuals are not protected under Title VII.

Title VII prohibits an employer from discriminating against or harassing an employee "because of [the employee's] sex." Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 78 (1998); 42 U.S.C. § 2000e-2(a)(1). "The phrase in Title VII prohibiting discrimination based on sex" means that "it is unlawful to discriminate against women because they are women and against men because they are men." Ulane v. Eastern Airlines, Inc., 742 F.2d 1081, 1085 (7th Cir.1984). "[A] prohibition against discrimination based on an individual's sex is not synonymous with a prohibition against discrimination based on an individual's sexual identity disorder or discontent with the sex into which they were born." Id.

3

Accordingly, it is well established that transsexuals are not a protected by Title VII. See Etstitty v. Utah Transit Auth., 502 F.3d 1215, 1222 (10th Cir. 2007) ("[D]iscrimination against a transsexual because she is a transsexual is not 'discrimination because of sex.' Therefore, transsexuals are not a protected class under Title VII."); Ulane, 742 F.2d at 1087 ("Title VII is not so expansive in scope as to prohibit discrimination against transsexuals."); Sommers v. Budget Marketing, Inc., 667 F.2d 748, 750 (8th Cir. 1982) ("discrimination based on one's transsexualism does not fall within the protective purview of [Title VII]."). Oiler v. Winn-Dixie Louisiana, Inc., 2002 WL 31098541, at *6 (E.D. La. 2002) ("Congress did not intend Title VII to prohibit discrimination on the basis of a gender identity disorder."); Sweet v. Mulberry Lutheran Home, 2003 WL 21525058 (S.D. Ind. 2003) ("Sweet's intent to change his sex does not support a claim of sex discrimination under Title VII because that intended behavior did not place him within the class of persons protected under Title VII.").[5]

### B. Plaintiff's complaint alleges discrimination based on transsexualism.

Although Plaintiff's discrimination claim is also couched in terms of "gender" discrimination, Plaintiff's Complaint makes clear that the gravamen of Plaintiff's claims is discrimination based on Plaintiff's status as a transsexual. For example, Plaintiff's Complaint repeatedly refers to Plaintiff using female titles and pronouns (e.g., "Ms. Leyth," "she," and "her"), and also *suggests* (without expressly stating) that Plaintiff is a "post-transition" transsexual (i.e., an individual who has undergone a sex reassignement surgery).[6] Conversely, Plaintiff claims that SAKS required Plaintiff to use the men's restroom[7] and that SAKS employees intentionally "misgendered" Plaintiff by using male pronouns ("he," "him," "his") to

---

[5] Accord Dobre v. National R.R. Passenger Corp. (Amtrak), 850 F.Supp. 284, 286-87 (E.D. Pa. 1993) ("Congress did not intend Title VII to protect transsexuals from discrimination on the basis of their transsexualism."); Powell v. Read's, Inc., 436 F. Supp. 369, 370 (D. Md. 1977) ("The gravamen of the Complaint is discrimination against a transsexual and that is precisely what is not reached by Title VII.").
[6] See Plaintiff's Original Complaint at ¶¶ 28-29.
[7] Id. at ¶ 27.

describe Plaintiff.[8] Plaintiff's Complaint makes no allegations that Plaintiff was discriminated against based on any alleged status as a man.[9] Consequently, Plaintiff's Complaint fails to state a claim. See Eure v. Sage Corp., No. 5:12–CV–1119–DAE, 2014 WL 6611997, at *2, 7 (W.D. Tex. Nov. 29, 2014) (granting summary judgment in employer's favor on transsexual plaintiff's gender discrimination claim because the plaintiff's allegations related solely to the plaintiff's status as a transgender person); Grossman v. Bernards Tp. Bd. of Educ., 1975 WL 302 (D.N.J. 1975), aff'd without opinion, 538 F.2d 319 (3d Cir. 1976) ("despite the plaintiff's conclusory allegations of sex discrimination, it is nevertheless apparent on the basis of the facts alleged by the plaintiff that she was discharged by the defendant school board not because of her status as a female, but rather because of her change in sex from the male to the female gender.").

    **C.    Plaintiff failed to exhaust administrative remedies concerning claims of discrimination and harassment because of "*her* gender."**

To the extent Plaintiff's Complaint can be read as asserting a claim that Plaintiff was subjected to discrimination and/or harassment based on any alleged "post-transition" status as a female (i.e., because of "*her* gender"[10]), Plaintiff failed to exhaust administrative remedies as a matter of law. As explained above, Plaintiff's EEOC charge does not allege that SAKS discriminated against or harassed Plaintiff because of any alleged status as a female. Accordingly, any such claim is barred because a plaintiff cannot bring claims in a civil lawsuit under Title VII that were not included in his EEOC charge. Alexander v. Gardner-Denver Co., 415 U.S. 36 (1974); Fine v. GAF Chemical Corp., 995 F.2d 576, 578 (5th Cir. 1993); see also Reno v. Metropolitan Transit Auth., 977 F.Supp. 812, 818-19 (S.D. Tex. 1997) (J. Gilmore)

---

[8] Id. at ¶ 28-29.
[9] Indeed, the Complaint expressly disclaims any status as a man by referring to Plaintiff using female titles and pronouns.
[10] See Plaintiff's Original Complaint at ¶¶ 66, 71.

(holding that plaintiff could not assert a sexual harassment claim when the EEOC charge alleged only sex, age, and race discrimination).

### D. Plaintiff has failed to state a claim for retaliation under Title VII.

Because it is well settled that transsexuals are not protected by Title VII, Plaintiff's retaliation claim also fails to state a claim as a matter of law. An employee's subjective belief that discrimination has occurred is not reasonable where established precedent holds that the conduct that the employee opposed does not violate Title VII. See Clark County School District v. Breeden, 532 U.S. 268, 271 (2001). In Breeden, the plaintiff asserted that she was discharged in retaliation for complaining that a single sex-related joke constituted sexual harassment. Breeden, 532 U.S. at 269-270. The Supreme Court rejected the plaintiff's retaliation claim, reasoning that "[a] recurring point in [our] opinions is that simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" Id. at 271 (internal quotes omitted). Thus, the Court held that "[n]o reasonable person could have believed that the single incident recounted [by the plaintiff] violated Title VII's standard." Id. (emphasis added). Accordingly, the Court held that the plaintiff's complaint about the single incident did not constitute protected activity for purposes of the plaintiff's retaliation claim. Id. Likewise, in this case, it is clear that Title VII does not protect transsexuals. Thus, Plaintiff's retaliation claim also fails to state a claim.

### E. Plaintiff has failed to state a claim for breach of contract because employment handbooks are not contracts as a matter of law.

Plaintiff's breach of contract claim is based solely on his assertion that SAKS' alleged conduct violated the anti-discrimination policy contained in SAKS' employee handbook.[11] However, it is well-settled that policies in an employee handbook do not create a contract. See

---

[11] See Plaintiff's Original Complaint at ¶¶ 95-103.

6

Werden v. Nueces County Hospital District, 28 S.W.3d 649, 651 (Tex. App.–Corpus Christi 2000, no pet.); Gamble v. Gregg County, 932 S.W.2d 253, 255 (Tex. App.–Texarkana 1996, no writ). Specifically, "[i]n an employment-at-will situation, an employee policy handbook or manual does not, of itself, constitute a binding contract for the benefits and policies stated unless the manual uses language clearly indicating an intent to do so." Id. Likewise, "[a] personnel manual does not create property interests in the stated benefits and policies unless some specific agreement, statute, or rule creates such an interest." Gamble, 932 S.W.2d at 255; accord Werden, 28 S.W.3d at 651. Accordingly, Plaintiff failed to state a claim for breach of contract because the Complaint does not allege facts that would permit a reasonable inference that SAKS is liable for breach of contract, as required by Twombly and Igbal.

## CONCLUSION

For the foregoing reasons, Defendant SAKS & Company respectfully asks this Court to dismiss Plaintiff's claims with prejudice and award Defendant its costs, fees, and such other relief to which it may be entitled.

Respectfully submitted,

*/s/ Michael D. Mitchell*
Michael D. Mitchell #00784615
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
500 Dallas, Suite 3000
Houston, Texas 77002-4709
Tel:  (713) 655-5756
Fax: (713) 655-0020
**ATTORNEY-IN-CHARGE FOR**
**DEFENDANT SAKS & COMPANY**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 29th day of December, 2014, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing to the following:

 Mitchell Katine
 KATINE & NECHMAN, L.L.P.
 1834 Southmore Blvd., (Almeda Road)
 Houston, Texas  77004

              */s/ Michael D. Mitchell*
              Michael D. Mitchell

19850784.1